IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANIBAL CANALES, | § | |
| Petitioner, | § | |
| vs. | § | No. 2:03cv69 |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR LEAVE TO FILE SUPPLEMENTAL ANSWER AND RESPONSE TO REPLY**

This matter comes before the Court on Respondent Doug Dretke's ("Dretke") motion for leave to file a supplemental answer and response to Petitioner Anibal Canales' ("Canales") reply to Dretke's response to Canales' application for a writ of *habeas corpus*, filed on November 14, 2005. The Court, having considered the circumstances alleged and authorities cited in the motion and Canales' response, finds that the motion is not well-taken and it will be denied.

Canales, an inmate on death row, filed an application for a writ of *habeas corpus* pursuant to 28 U.S.C. Sec. 2254. The application raised thirteen claims for relief. Dretke filed a response contending, *inter alia*, that all but one of Canales' claims were procedurally barred. Canales then filed a reply, addressing those procedural defenses. Dretke has requested leave to file a supplemental answer which clarifies certain arguments made in his answer, and responds to those "contra-defensive matters" raised by Canales in his reply.

Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court provides in relevant part that once an inmate files a petition, the respondent is not required to respond unless

1

ordered by the court. If he is ordered to respond, his answer must state whether any claim in the petition is procedurally barred. The Petitioner may, if he chooses, reply to the answer, provided he does so within the time limit set by the court. The rule does not provide for supplemental answers or responses to replies, so such pleadings are not allowed within the normal course of *habeas corpus* litigation.

Dretke's position, however, is not without support. As a general rule, a court may grant a party's motion to file a surreply if the moving party shows that the reply brief raised new arguments that were not included in the original motion. *Lee v. Christian Coalition of America Inc.,* 160 F. Supp. 2d 14, 24 n.4 (D.D.C. 2001). In capital *habeas corpus* litigation, it is common for the petitioner to discuss only the merits of his claims in his original petition, and, after the respondent raises procedural defenses in his answer, for the petitioner to discuss only the procedural issues in his reply. These "contra-defensive matters" are admittedly arguments that were not included in the original *habeas corpus* application.

The underlying rationale for the general rule appears to be preventing prejudice. The drafters of the *Habeas Corpus* Rules appear to have believed that to the extent the petitioner's reply would address procedural default issues, it would not, in the normal course of litigation, contain arguments so unexpected that the respondent would be prejudiced by not being able to see them before filed his response. This Court recognizes that there may be an occasion when an argument in a reply is so atypical that fairness would require allowing a surreply in a *habeas corpus* case.

Dretke's motion in the present case, however, makes no such allegation. "Contra-defensive matters" - arguments in reply to the procedural default defenses raised in the response - are precisely what Dretke should have anticipated in response to the procedural defenses he raised in his answer. Absent a specific showing of surprise and prejudice, this Court will not deviate from the regime set forth in *Habeas Corpus* Rule 5.

IT IS THEREFORE ORDERED that the Motion for leave to file supplemental answer and response to reply (docket entry #25) is DENIED.

SIGNED this 6th day of January, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE