**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **ANIBAL CANALES,** | § | |
| Petitioner, | § | |
| vs. | § | No. 2:03cv069 |
| **NATHANIEL QUARTERMAN, Director**, Texas Department of Criminal Justice, Correctional Institutions Division, | § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Petitioner Anibal Canales Jr.'s ("Canales") motion to stay and abate his federal *habeas corpus* proceedings, (docket entry # 22, filed on October 25, 2005.) The Court, having considered the circumstances alleged and authorities cited in the motion, the response, and the reply, finds that the motion is well- taken and it will be granted.

Canales, an inmate sentenced to death by the State of Texas for capital murder, filed an application for a writ of *habeas corpus* containing thirteen claims for relief. He concedes that he did not exhaust his third, fourth, seventh and eighth claims by presenting them to the state courts before applying for relief in federal court. When presented with an application containing both exhausted and unexhausted claims, a federal court has four options:

    1. Dismiss the entire application and direct the defendant to present the claims to the state court and then refile his federal application once that court decides those claims, *see Rose v. Lundy*, 455 U.S. 509, 518-19 (1982);

    2. Stay the federal proceedings to allow the defendant to present the claims to the state court and return to federal court after they have been decided, *see Rhines v. Weber,* 544 U.S. 269 (2005);

    3. Treat the claims as if they had been procedurally defaulted, *see Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001); or

    4. Deny the claims on the merits, *see* 28 U.S.C. § 2254(b)(2).

In the present case, respondent Quarterman ("the Director") contends that the Court should employ the third option, while Canales urges the Court to instead employ the second option. The Court will first consider the Director's contention.

    Concern for comity and federalism has led to an understanding that the state courts should have the first opportunity to decide post-conviction claims that are based upon the federal Constitution, and that in resolving those claims, the state courts may require that their usual procedures be followed. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). Accordingly, if an inmate fails to present a federal constitutional claim to the state courts, the federal court may not grant relief on the claim: the inmate must return to the state court and exhaust the claim before the federal court will consider it. In addition, if an inmate raises a federal constitutional claim but fails to follow regularly applied state rules of procedure, and as a result the state court refuses to consider the merits of the claim, the federal court is generally precluded from considering the merits of the claim.

    In *Finley*, the United States Court of Appeals for the Fifth Circuit combined these two rules. The court held that if an inmate presents a claim to the federal courts that was not presented to the state courts, the federal court did not necessarily have to send the inmate back to state court. If, because of a regularly applied state procedural rule, it appears that the state court would refuse to reach the merits of the claim if the federal court sent the inmate back to state court, the federal court may treat the claim as if the state court had already refused to consider the merits of the claim, and accordingly refuse to address the merits of the claim itself. *See Finley*, 243 F.3d at 220. In *Wilder v. Cockrell*, 274 F3d 255, 262-63 (5th Cir. 2001), the Fifth Circuit clarified that in order to treat an unexhausted claim as procedurally defaulted,

it must be "entirely clear" to the federal court that the state court would refuse to consider the merits of the claim if the petitioner returned to that court.

The first issue for the Court, then, is whether it is entirely clear that the state court would refuse to address the merits of Canales' four unexhausted claims were he to return to that court and file a second post-conviction petition. In order to predict what the state court would do under these circumstances, the Court must interpret state procedural law. The applicable state law is TEX. CODE CRIM. PROC. art. 11.071, § 5, which provides in relevant part:

> (a) If a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based upon the subsequent application unless the application contains specific facts establishing that:
>
> > (1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
> >
> > (2) by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt; or
> >
> > (3) by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the State's favor one or more of the special issues that were submitted to the jury in the applicant's trial under article 37.071 or 37.0711.

Canales contends that he meets the first element of the statute. He filed his state application for post-conviction relief in May of 2002, and he contends that he did not know about the existence of the documents upon which he bases his claims until after that time. The Director contends that even assuming that documents were withheld from Canales' trial counsel (despite the prosecution's representation that it had disclosed all of the material required) in order to bring this claim in a successive petition Canales would need to allege that his state *habeas* counsel later searched the prosecution's files,

or made some other type of inquiry, and the prosecution continued to withhold the documents at issue. Canales points out that in a closely related legal context, this argument was rejected by the Supreme Court of the United States. *See Banks v. Dretke*, 540 U.S. 668, 693 (2004). In light of *Banks*, the Court finds that it is not entirely clear that the Texas courts would find on these facts that the factual basis for Canales' claims was available to him at the time he filed his initial state petition for post-conviction relief. The Court will deny the Director's request to treat Canales' claims as if they have already been procedurally defaulted.

Canales' request is that the Court stay the case while he returns to state court to exhaust these four claims. The test for whether to stay a case in these circumstances was set forth in *Rhines v. Weber,* 544 U.S. 269, 276 (2005):

1. The petitioner must have had good cause for not presenting his claims to the state court;

2. The petitioner's claims cannot be plainly meritless, and

3. The petitioner must not have engaged in intentional delay or in abusive tactics during the litigation.

Regarding the first element, the Court's finding that it is not entirely clear that the factual bases for these claims was been available to Canales at the time he filed his state post-conviction petition meets the requirement that he have good cause for failing to present these claims to that forum. *See McClesky v. Zant,* 499 U.S. 467, 493-94 (1991).

Regarding the second element, while the Director does contend that the claims at issue lack merit, the Court notes that the Supreme Court in *Rhines v. Webber* did not set forth a test for determining whether a claim is "plainly" meritless. The Court believes that the appropriate test is the test for determining whether the Director need respond to Canales' application: whether it appears from the face of the application that the applicant or person detained is not entitled to relief. *See* 28

U.S.C. § 2243. The Court's requiring the Director to respond to Canales' claims meets this requirement.

Regarding the third element, the Director has not contended that Canales has engaged in intentional delay or in abusive tactics during this litigation, so the Court finds that Canales meets this element.

Because the Court finds that Canales meets all three requirements of the *Rhines* test, his motion to stay this case so that he can return to state court and exhaust his third, fourth, seventh and eighth claims is granted.

IT IS THEREFORE ORDERED that this case is stayed until further order of the Court.

IT IS FURTHER ORDERED that Canales file his successor petition for post-conviction relief with the state court within 60 days from the date of entry of this order, unless directed to do so on a different date by that court. Canales is directed to notify the Court of the disposition of his successor petition within 10 days from the date of the state court's decision.

SIGNED this 23rd day of March, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

Case 2:03-cv-00069-JRG-RSP   Document 31   Filed 03/23/07   Page 6 of 6 PageID #: 855