IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **ANIBAL CANALES,** | § | |
| Petitioner, | § | |
| vs. | § | No. 2:03cv069 |
| **NATHANIEL QUARTERMAN, Director**, Texas Department of Criminal Justice, Correctional Institutions Division, | § § | |
| Respondent. | § | |

## ORDER GRANTING IN PART PETITIONER CANALES' MOTION FOR DISCOVERY

This case comes before the Court on Petitioner Anibal Canales Jr.'s ("Canales") motion for discovery (docket entry # 15), filed on August 2, 2005. The Court, having considered the circumstances alleged and authorities cited in the motion, the response, and the reply, finds that the motion is well-taken in part and it will be granted in part.

Canales, an inmate sentenced to death by the State of Texas for capital murder, filed an application for a writ of *habeas corpus* containing thirteen claims for relief. He did not exhaust his third, fourth, seventh and eighth claims by presenting them to the state courts before applying for relief in federal court. On October 25, 2005, Canales requested leave to return to state court and present these claims in a second petition. On March 23, 2007, the Court granted the request. On February 13, 2008, the Texas Court of Criminal Appeals dismissed Canales' petition as an abuse of the writ.

Canales seeks discovery relevant to those four claims. The Director contends that discovery should not be granted for procedurally defaulted claims. *See Williams v. Bagley*, 380 F.3d 932, 974-76 (6th Cir. 2004). The Court finds, however, that the Texas Court of Criminal Appeals' dismissal of

1

Canales' second petition as an abuse of the writ does not meet the elements of a procedural default.  *See Ruiz v. Quarterman*, 504 F.3d 523, 527 (5th Cir. 2007).

The Director also contends that Canales has not alleged facts which, if true, would entitle him to relief.  The Court disagrees.  Canales has claimed that the prosecution in his case withheld evidence that the state used inmates as agents to elicit incriminating admissions, withheld evidence that the state provided benefits to inmates in exchange for their favorable testimony, and knowingly used perjured testimony.  If Canales is able to prove these allegations, he may well be entitled to relief in *habeas corpus*.  The Court notes that Canales has requested to depose the inmates and officials involved, as well as to review the files of the agencies involved.

The Court will allow Canales to depose the inmate witnesses he requested leave to question.  If their deposition testimony supports his claims, Canales may, if he chooses, refile his request to depose the officials and review the agency records he requested.

Canales also makes three claims related to the jurors in his case: that four of them withheld the fact that they had criminal records, that they may have been influenced by seeing him in leg shackles, and that they had *ex parte* communications with the trial judge.  The Court will permit Canales to depose the jurors.

IT IS THEREFORE ORDERED that Canales' motion for discovery is granted in part.  Canales shall complete the depositions of the jurors and the inmate witnesses on or before February 1, 2009.  He may, if he chooses, request leave to conduct the remainder of the discovery he originally requested, provided he does so on or before February 15, 2009.

SIGNED this 5th day of November, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE