IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANIBAL CANALES, | § | |
| Petitioner, | § | |
| vs. | § | No. 2:03cv69 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § | |
| Respondent. | | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on respondent Nathaniel Quarterman's ("the Director's") motion to vacate discovery order (docket entry # 44), filed on December 23, 2008, and petitioner Anibal Canales' ("Canales'") motion to strike that motion (docket entry # 47), filed on January 5, 2009. The Court, having considered the circumstances alleged and authorities cited by the parties, finds that neither motion is well-taken and both will be denied.

Canales was convicted of capital murder and sentenced to death. He filed an application for a writ of *habeas corpus* in which he raised thirteen claims. Four of the claims he raised had not been presented to the state courts, so this Court stayed the case and allowed Canales to file a successive petition in state court, raising those four claims. The state court dismissed the petition, stating "We have reviewed the application and the briefs of both parties and find that all of the allegations fail to satisfy the Article 11.071, § 5( a ). Accordingly, the application is dismissed as an abuse of the writ. TEX CODE CRIM. PROC. Art. 11.071, § 5( c )."

Canales requested leave to conduct discovery related to these four claims. The Director objected

1

on the ground that since the state court had dismissed Canales' successive petition as an abuse of the writ, the federal court was barred from considering the merits of the claims. His argument is supported by *Coleman v. Thompson*, 501 U.S. 722, 750 (1991):

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Canales countered that the *Coleman* rule was inapplicable, because it was not clear whether the state court's decision was based on state law, or on federal law. His argument is supported by *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983):

> When a state court's decision fairly appears to rest primarily on federal law, or to be interwoven with federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion, we will accept as the most reasonable explanation that the state court decided the case the way it did because it believed that federal law required it to do so.

The rule upon which the state relied to dismiss Canales' successive application was TEX CODE CRIM. PROC. Art. 11.071, § 5(a), which provides:

If a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

(1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application;

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt; or

(3) by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to

2

the jury in the applicant's trial under Article 37.071, 37.0711, or 37.072.

The Court granted in part Canales' discovery motion, applying the rule in *Long*, rather than the rule in *Coleman*, to his new claims. The Court based its decision on *Ruiz v. Quarterman*, 504 F.3d 523, 527 (5th Cir. 2007). Construing an identically worded order, the court in *Ruiz* held "The boilerplate dismissal by the CCA of an application for abuse of the writ is itself uncertain on this point, being unclear whether the CCA opinion was based on the first element, a state law question, or the second [or third] element, a question of federal constitutional law." Because the state's dismissal order was ambiguous as to whether it was based on state law or federal law, the Court determined that it was not barred from considering the four claims which Canales presented to the state court in his successive petition, and it granted in part Canales' motion for discovery related to those claims.

The Director now asks the Court to vacate its ruling, contending that it read *Ruiz* too broadly. He points out that after finding that the state court order was ambiguous on its face, the Fifth Circuit still looked behind the order and determined that it was in fact unclear whether the Court of Criminal Appeals judges all based their decisions exclusively on state law grounds. He contends that because this Court failed to conduct the same analysis, its decision is improper. The Court, however, does not interpret *Ruiz* as requiring it to look behind the ambiguous state court dismissal order.

The Director argues in the alternative that if this Court is correct in finding that Canales' four new claims are not barred from consideration by the doctrine of procedural default, this Court must treat the state court's dismissal order as a decision on the merits. He then points out that if a claim is decided on its merits by the state court, the scope of federal review is restricted to determining whether the state court's decision was based upon an unreasonable determination of the facts in light of the evidence presented to the state court, citing 28 U.S.C. § 2254 (d)(2). Because the evidence Canales

3

seeks to discover was not presented to the state courts, the Director contends that the Court should not have granted Canales leave to conduct discovery.

The Court would find this argument compelling but for the fact that the Court of Appeals does not apply 28 U.S.C. § 2254 (d)(2) in this context. *See Lewis v. Quarterman*, 541 F.3d 280, 284 (5th Cir. 2008) "Our court . . . has held that problems presented by evidence introduced for the first time in federal court in support of a federal habeas application are 'more accurately analyzed under the exhaustion rubric of § 2254 (b), not as issues of factual development under § 2254 (d).'" *Id.* (internal citations omitted). Because neither of the Director's arguments persuades the Court that it erred in granting (in part) Canales' motion for discovery, the Court will deny the Director's motion to vacate its discovery order. Because the Court will deny the Director's motion on the merits, Canales' motion to strike is moot and it too will be denied.

Further, the court has considered Respondent's Emergency Motion to Quash Juror Subpoenas or Alternatively Limit Discovery (Dkt. No. 50) and Emergency Motion to Stay Discovery (Dkt. No. 51). Respondent's Motion to Quash is GRANTED in part and DENIED in part. Respondent's Motion to Stay is DENIED as MOOT.

The court clarifies that it will allow Petitioner to depose all twelve jurors regarding whether they participated in any *ex parte* communications with the trial judge and whether they witnessed the petitioner in shackles. Petitioner has agreed not to inquire on the effect that any external influence may have had on the jurors. This objection, therefore, is GRANTED as an order of the court. Petitioner may inquire into any conduct, but may not inquire into what effect any external influence may have had on the jurors' deliberations..

Additionally, the four jurors alleged to have not disclosed their criminal histories before trial

may be deposed on their criminal histories through the conclusion of their jury service in the underlying case. Those four jurors may be required to produce any documentary evidence which reflects their criminal histories through the conclusion of their jury service in the underlying case, regardless of whether those documents were created before or after the conclusion of their service. Accordingly, only the portions of the deposition notices that exceed the limit allowed by the court, as outlined above, are quashed.

IT IS THEREFORE ORDERED that respondent's motion to vacate discovery order and petitioner's motion to strike the respondent's motion to vacate discovery order are both DENIED. Respondent's Motion to Quash is GRANTED in part and DENIED in part as outlined above. Respondent's Motion to Stay is DENIED as MOOT.

SIGNED this 13th day of January, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE