

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-65,799-03

EX PARTE CLEVE FOSTER

ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN
CAUSE NO. C-1-009424-0839040-C
IN THE CRIMINAL DISTRICT COURT NUMBER ONE
TARRANT COUNTY

*Per Curiam.* PRICE, J., *filed a dissenting statement in which* WOMACK, J., *joined.*

## ORDER

This is a subsequent application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

In February 2004, a jury found applicant guilty of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *Foster v. State*, No. AP-

Foster - 2

74,901 (Tex. Crim. App. Apr. 12, 2006)(not designated for publication).

In November 2005, applicant filed in the trial court his initial post-conviction application for writ of habeas corpus. This Court denied applicant relief. *Ex parte Foster*, No. WR-65,799-01 (Tex. Crim. App. Mar. 21, 2007)(not designated for publication). Applicant filed his first subsequent application in the trial court on December 22, 2010. This Court dismissed that application on December 30, 2010. *Ex parte Foster*, No. WR-65,799-02 (Tex. Crim. App. Dec. 30, 2010)(not designated for publication). Applicant filed this his second subsequent application in the trial court on September 2, 2011.

In this application, applicant asserts that his trial counsel were ineffective; that no reasonable juror would have found him guilty of capital murder when the evidence discovered post conviction is considered in combination with the evidence presented against him at trial; and that his initial state habeas counsel was ineffective in failing to raise these issues in applicant's initial habeas application. We have reviewed the application and find that applicant's allegations fail to satisfy the requirements of Article 11.071 § 5. Accordingly, we dismiss the application as an abuse of the writ without considering the merits of the claims. Applicant's motion for stay of execution is denied.

IT IS SO ORDERED THIS THE 12TH DAY OF SEPTEMBER, 2011.

Do not publish



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-65,799-03

### EX PARTE CLEVE FOSTER, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. C-1-007519-0839040 FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

PRICE, J., filed a dissenting statement in which WOMACK, J., joined.

### DISSENTING STATEMENT

Since this Court dismissed the applicant's first subsequent post-conviction application for writ of habeas corpus under Article 11.071 of the Texas Code of Criminal Procedure,[1] the United States Supreme Court has stayed and then unstayed his execution twice,[2] based upon claims that he should be able to proceed on the merits of a subsequent state writ

---

[1] TEX CODE CRIM. PROC. art. 11.071. *Ex parte Foster*, 2010 WL 5600129 (Tex. Crim. App., No. WR-65,799-02, delivered Dec. 30, 2010) (not designated for publication).

[2] *Foster v. Texas*, 131 S.Ct. 991 (2011); *Foster v. Texas*, 131 S.Ct. 1034 (2011); *Foster v. Texas*, 131 S.Ct. 1848 (2011); *Foster v. Texas*, 131 S.Ct. 2951 (2011).

Foster Dissenting Statement — 2

application because his court-appointed initial state habeas counsel rendered ineffective assistance by failing to raise and develop a manifestly colorable claim of ineffective assistance of trial counsel. After it lifted the second stay of the applicant's execution, however, the Supreme Court granted certiorari review in *Martinez v. Ryan*,[3] and stayed another Texas execution, in *Balentine v. Texas*,[4] in order to address (*Martinez*) and (presumably) preserve (*Balentine*) issues that are essentially identical to that which the applicant raised in his first subsequent writ application back in December, and now raises in this, his second subsequent application. I do not know whether the Supreme Court might once again stay the applicant's execution in light of *Martinez* and *Balentine*, but I do not think that this Court ought to tolerate allowing any execution of the applicant to proceed without knowing how the Supreme Court will ultimately dispose of the issues raised in those cases. For reasons already expressed in my dissenting statements in *Ex parte Foster*,[5] and *Ex parte Balentine*,[6] and because this Court refuses even to grant the applicant's motion for stay of execution pending the Supreme Court's disposition of *Martinez* and *Balentine*, I am

---

[3] 131 S.Ct. 2960 (2011).

[4] 131 S.Ct. 3017 (2011).

[5] 2010 WL 5600129, WR-65,799-02 (Tex. Crim. App. delivered Dec. 30, 2010) (not designated for publication) (Dissenting Statement of Price, J., joined by Holcomb, J.).

[6] WR-54,071-03 (Tex. Crim. App. delivered June 14, 2011) (not designated for publication) (Dissenting Statement of Price, J., joined by Johnson & Alcala, JJ.).

Foster Dissenting Statement — 3

once again compelled to dissent.

FILED: September 12, 2011
DO NOT PUBLISH