IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ANIBAL CANALES, JR.** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Case No. 2:03-CV-69-JRG-RSP |
| **RICK THALER, Director,** § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## ORDER AND REASONS

Anibal Canales, Jr. ("Canales"), an inmate in the custody of the Texas Department of Criminal Justice, Institutional Division, filed an application for a writ of *habeas corpus* pursuant 28 U.S.C. §2254. Canales challenged his capital murder conviction and death sentence imposed in the Fifth Judicial District Court of Bowie County, Texas in trial cause number 99F0506-005, styled *The State of Texas v. Anibal Canales*. On January 24, 2012, pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to the Hon. Roy S. Payne, United States Magistrate Judge. On June 15, 2012, the Magistrate Judge issued a sealed Report and Recommendation in which he recommended that the Court dismiss Canales's first, second, fifth, sixth, seventh, eighth, tenth, eleventh and twelfth claims with prejudice on the grounds that they had been procedurally defaulted in state court proceedings, and recommended that this Court deny Canales's third, fourth, ninth and thirteenth claims on the merits.

Canales and Respondent Rick Thaler ("the Director") both filed objections to the Magistrate Judge's proposed findings and recommendations, so the Court, pursuant to 28 U.S.C. § 636(b)(1), made a *de novo* determination of those portions of the Report and Recommendation

to which objections were made. Based upon that review, the Court accepts the proposed findings and recommendations of the Magistrate Judge, with the following modifications:

Regarding Canales's third claim, the Magistrate Judge proposed finding that the February 2000 letter was obtained in violation of Canales's right to counsel, but that Canales was not entitled to relief in *habeas corpus* because he did not establish that the admission of the letter had a substantial and injurious effect or influence in determining the jury's verdict. The Court finds it unnecessary to determine whether the letter was obtained in violation of Canales's right to counsel because the Court finds, after *de novo* review, that the admission of the letter did not have a substantial and injurious effect or influence in determining the jury's verdict. Although the February, 2000 letter was helpful in establishing a foundation for the admission of the other two letters attributed to Canales, it was not necessary for that purpose.

Regarding Canales's fourth claim, the Magistrate Judge proposed finding it undisputed that the prosecution withheld information that several inmates had ongoing dealings with the Special Prosecutions Unit, and proposed finding that such information would have been beneficial to the defense, but that Canales was not entitled to relief in *habeas corpus* because there is not a reasonable probability that the jury would have reached a different verdict had this information been disclosed before trial. The Court finds it unnecessary to determine whether the prosecution withheld the information at issue, whether it disputed that it withheld the information, or whether disclosure of the information was required, since it accepts the Magistrate Judge's proposed finding that there is not a reasonable probability that, had the information been disclosed to the defense, the result in the proceedings would have been different.

- 3 -

This claim is based on *Brady v. Maryland*, 373 U.S. 83 (1963). The Director contended *inter alia*, that the claim had been procedurally defaulted. The legal test for the prejudice element of a *Brady* claim is identical to the legal test for the prejudice element of the cause and prejudice exception to the doctrine of procedural default. Because the Court accepts the Magistrate Judge's proposed finding of no prejudice, it would be equally correct to characterize the disposition of this claim as a dismissal under the doctrine of procedural default or as a denial of the substantive claim on the merits.

With the above modifications, the Court accepts the proposed findings and the recommendations of the United States Magistrate Judge. Canales's First, Second, Fifth, Sixth, Seventh, Eighth, Tenth, Eleventh and Twelfth claims are DISMISSED WITH PREJUDICE, and his Third, Fourth, Ninth and Thirteenth claims are DENIED.

**So ORDERED and SIGNED this 24th day of August, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE