UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

**ANIBAL CANALES, JR,**                                                                 **PETITIONER**

      v.                                                            Case No. 2:03-CV-69-JRG-RSP

**RICK THALER, Director,**
Texas Department of Corrections,
**Correctional Institutions Division,**                       **RESPONDENT**

**MOTION TO ALTER OR AMEND THE JUDGMENT**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Petitioner, Anibal Canales, Jr., requests this Court alter or amend its judgment and opinion denying a petition for a writ of habeas corpus entered on August 30, 2010. Dkt #156, 157.

    **I.**     **Standard of Review**

A judgment may be amended under the rule, among other grounds, to correct a clear error or prevent manifest injustice. *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); see also 11 Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE: Civil 2d § 2810.1, p. 125-27 (1995). Put another way, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Warren v. Director, TDCJ-CID,* 2010 WL 5559701 (E.D. Tex. Dec. 30, 2010), *citing Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

    **II.**     **The Court should alter or amend its judgment to find that Petitioner has overcome any default on several of his grounds for relief based on *Martinez v. Ryan*.**

The United States Magistrate Judge found several grounds for relief (Grounds 1, 2, 5-8, 10-12) procedurally barred based on Texas' abuse of the writ doctrine. Dkt #139. In his

objections to that Report, Petitioner renewed his contention that the Texas Court of Criminal Appeals adjudication was not independent of federal law. He also asserted that he could establish cause and prejudice to excuse the default, especially in regard to claims regarding the ineffective assistance of trial counsel, due to the poor performance of state habeas counsel. Relying on *Martinez v. Ryan,* 132 S. Ct. 1309 (2012), Petitioner demonstrated that his state habeas counsel's performance fell below the norms established for habeas representation in Texas. Objections at 40-71. Respondent did not file a reply to Petitioner's petition regarding *Martinez.*

Petitioner understands that a panel of the Fifth Circuit has held that *Martinez* is not generally applicable to federal habeas corpus cases in Texas. *See Ibarra v. Thaler,* ___ F.3d ___, 2012 WL 3537826 (5th Cir. Aug. 17, 2012). However, the United States Supreme Court has signaled that the panel misconstrued *Martinez*. In *Balentine v. Thaler*, the United States Supreme Court took the extraordinary step of granting a stay of execution to afford it time to consider the applicability of *Martinez* to federal habeas corpus cases in Texas. Order Granting Stay, *Balentine*, No. 12-5906 (Aug. 22, 2012). The Supreme Court has indicated that it will conference the *Balentine* petition for a writ of certiorari on September 24, 2012. Because of the imminence of the Supreme Court's decision, this Court should alter or amend its judgment or stay these proceedings pending the decision in *Balentine*.

However, this Court should alter or amend its judgment even if the Supreme Court denies certiorari in *Balentine.* The *Ibarra* panel found that *Martinez* did not apply in Texas if the defendant had an opportunity prior to state habeas proceedings to challenge the effectiveness of trial counsel. But under the circumstances of his case, Canales did not have an opportunity to challenge trial counsel's performance until he was able to begin state habeas corpus proceedings.

In *Martinez,* the Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. The principle that animates *Martinez* is that petitioners should have adequate counsel for "the first occasion" to raise their ineffective assistance of counsel claims. *Martinez* must apply to all prisoners who, due to the circumstances of their individual case, could not raise their ineffective assistance of counsel claim at trial or on direct review.

Canales did not have the opportunity to raise extra-record claims until his state habeas proceedings. Petitioner was sentenced to death on November 1, 2000, thus his motion for new trial would have been due on December 1, 2000, thirty days after he was sentenced. Tex. R. App. Proc. 21.4. However, trial counsel did not file a motion for a new trial. Moreover, even if trial counsel had been inclined to file such a motion, they could not have raised their own ineffectiveness as a ground for relief, and no one offered Canales the opportunity to secure another attorney to represent him in connection with a motion for a new trial.

Counsel for direct appeal was appointed on January 11, 2001, and Troy Hornsby was appointed to handle the habeas proceedings on January 17, 2011. Under Texas habeas procedure, Hornsby had the duty to investigate all meritorious claims, and funding was available for this purpose. Direct appeal, occurring at the same time as the state habeas, is confined to the record before the trial court, and there are no provisions for appellate counsel to obtain investigative assistance or supplement the record. Moreover, with both avenues to challenge the conviction and sentence being prepared simultaneously, it would make little sense to have appellate counsel duplicate the efforts of habeas counsel. Given these circumstances, it is not surprising that Respondent has not disputed that state habeas proceedings were the first opportunity for Canales to challenge trial counsel's effectiveness or raise other claims relying on

extra-record evidence.

### III.   Conclusion.

Wherefore, for the foregoing reasons, and for the reasons set forth in Petitioner's Objections to the Magistrate Judge's Report (Dkt. #154), this Court should alter or amend its judgment, find that *Martinez* establishes cause for defaulted extra-record claims, and grant the writ of habeas corpus.  In the alternative, this Court should remand the issue of showing cause for the default to the Magistrate Judge.  This Court should also stay proceedings until the Supreme Court decides *Balentine*.

Teresa L. Norris
S.C. Bar # 15081
Blume Norris & Franklin-Best, LLC
900 Elmwood Ave., Ste. 101
Columbia, S.C. 29201
(803) 765-1044
(803) 765-1143 (Fax)

David Voisin
Miss. Bar # 100210
P. O. Box 13984
Jackson MS 39236
(601) 949-9486
(601) 354-7854 (Fax)

By:   S/ Teresa L. Norris
      Counsel for Petitioner

## CERTIFICATE OF SERVICE

This is to certify that I, Teresa L. Norris, have electronically served a copy of this document upon Respondent's counsel by filing same with the United States District Court Electronic Case Filing system on September 21, 2012.

S/ Teresa L. Norris
Counsel for Petitioner
