IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANIBAL CANALES, JR., | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 2:03-cv-00069-JRG-RSP |
| | § | Death penalty case |
| RICK THALER, Director, Texas | § | U.S. Dist. Judge Rodney Gilstrap |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## RESPONDENT THALER'S OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT

Canales challenged his capital murder conviction and death sentence by means of application for federal writ of habeas corpus. *See* 28 U.S.C. § 2254 (West 2012). This Court has denied relief. (Judgment, ECF[1] No. 157.) Canales asks the Court to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e). (Mot. to Alter or Am. J.; ECF No. 158.) The motion should be denied.

### REASONS THE MOTION SHOULD BE DENIED

A Rule 59(e) motion calls into question the correctness of a judgment. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). The motion should not rehash evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id.* at 478–79. The motion may be used where there has been an intervening change in the controlling law. *Schiller*

---

[1] "ECF" refers to the documents filed in the district court's electronic case filing system, followed by the document number and, where appropriate, the page number.

*v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Reconsideration is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479. The standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Because Canales shows no intervening change in relevant law, the motion should be denied.

I.  **Because Texas Allows an Appellant to Raise Trial-Related Ineffective-Assistance Claims on Appeal, *Martinez* Does Not Apply.**

Canales alleges that under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), he can show cause and prejudice to excuse the default of some of his claims. He errs.

The existence of cause for excusing a default turns on whether the prisoner can show that some factor external to the defense impeded his efforts to comply with state procedure. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Although ineffective assistance of counsel can constitute such cause, *see id.*, because a petitioner has no constitutional right to counsel in state postconviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), the performance of counsel in state habeas proceedings cannot constitute cause. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

But in *Martinez*, the Supreme Court created an exception. The state habeas counsel's performance can constitute cause where (1) state rules prevent

a petitioner from raising a trial-related ineffective-assistance claim in any proceedings except the initial postconviction proceedings and (2) the claim is "substantial." *See* 132 S. Ct. at 1320. Canales argues that Texas statutes and rules did not allow him to develop "extra-record"[2] claims on appeal or in a new-trial motion and that the claims at issue were not raised in the initial state habeas proceedings due to state habeas counsel's poor performance. (ECF No. 158 at 2–3.)

Arizona, the state at issue in *Martinez*, excludes trial-related ineffective-assistance claims from the direct review process, where counsel is constitutionally guaranteed, and limits them to the state habeas process, where counsel is not. *Id.* at 1318. Arizona's choice lessens a prisoner's ability to file such a claim because an uncounseled prisoner is likely unable to comply with the State's postconviction procedure. *Id.* at 1315, 1317, 1318. Using its powers of equity, the Court imposed a consequence for Arizona's choice: Where a prisoner failed to assert an ineffective-assistance claim in initial state habeas proceedings—the "'one and only'" forum that Arizona provided for hearing such a claim—and where the prisoner later raised the claim in federal proceedings,

---

[2] The Arizona rule referenced in *Martinez* applied not to "extra-record" claims but trial-related ineffective-assistance claims only. *See* 132 S. Ct. at 1321.

the State could not assert default. *Id.* at 1315, 1318 (quoting *Coleman*, 501 U.S. at 756).

Texas law differs from that of Arizona. While Arizona bars a prisoner from raising an ineffective-assistance-of-trial-counsel claim on direct review, *see State v. Spreitz*, 39 P.3d 525, 527 (2002), Texas does not.

Because Texas has no such Arizona-style rule, the equities implicated by *Martinez* are not applicable. Texas rules and statutes allow the individual to raise ineffective-assistance claims not only in collateral proceedings but also on appeal or in a new-trial motion, both proceedings in which constitutionally effective counsel are guaranteed. Indeed, under Texas law, after the trial court imposes a death sentence, the prisoner is given two new independent attorneys, one for appeal[3] and one for habeas proceedings, each of which may raise issues of trial counsel's effectiveness. *See* Tex. Code Crim. Proc. arts. 11.071, § 2(b); 26.052(j) (West 2012).

Texas also provides the tools for developing and raising ineffective-assistance claims on direct review. Before the appeal of a death

---

[3] Trial counsel may not be reappointed for appeal unless the defendant and trial counsel on the record so request. Tex. Code Crim. Proc. art. 26.052(k) (West 2012). Although it does not appear that the request for reappointment was included in the appellate record, Canales was, apparently, satisfied with trial counsel's performance. (Volume 12 of trial reporter's record, pp. 128–29.) Any presumed violation is harmless. *See Hughes v. State*, 24 S.W.3d 833, 837 (Tex. Crim. App. 2000) (noting that violations of article subject to harmless error review).

4

sentence is transferred automatically to the Court of Criminal Appeals, *see* Tex. Code Crim. Proc. art. 37.071, § 2(h) (West 2012), defense counsel may move for a new trial. *See* Tex. R. App. P. 21. In the motion proceedings, the convicting court, to adduce facts not in the trial record, can take evidence by affidavit or otherwise. *See* Rule. 21.7. If the motion raises matters—including ineffective-assistance allegations—that cannot be determined from the trial record, the convicting court must hold a hearing. *See Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

For example, a death-sentenced prisoner can use new-trial procedures to develop evidence regarding trial counsel's failure to investigate and present mitigating evidence at punishment, *see Armstrong v. State*, No. AP–75706, 2010 WL 359020, at *5–*6 (Tex. Crim. App. Jan. 27, 2010); or to develop evidence that counsel failed to develop and present mitigating evidence; *see Milburn v. State*, 15 S.W.3d 267, 269–70 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); or to produce affidavits, followed by a live evidentiary hearing, regarding trial counsel's strategic decisions, *see Morales v. State*, 217 S.W.3d 731, 734–35 (Tex. App.—El Paso 2007), *rev'd*, 253 S.W.3d 686 (Tex. Crim. App. 2008). The Court of Criminal Appeals is explicit: A habeas corpus proceeding "is not the only mechanism for developing an ineffectiveness claim." *State v. Jones*, No. 678-02, 2004 WL 231309, at *8 (Jan. 28, 2004). An increasing number of cases, the court

said, develop the necessary record by using new-trial proceedings. *Id.*, 2004 WL 231309, at *8.[4]

And while new-trial proceedings allow a defendant to develop a posttrial record, such proceedings are not required before a defendant raises an ineffective-assistance claim on appeal. The state courts can and do review on the merits such claims on appeal. *See, e.g., Holberg v. State*, 38 S.W.3d 137 (Tex. Crim. App. 2000) (full text on Westlaw only; abrogation on other grounds recognized by *Meadoux v. State*, 325 S.W.3d 189 (Tex. Crim. App. 2010)).[5]

---

[4] *See, e.g., Holden*, 201 S.W.3d at 764; *McFarland v. State*, 928 S.W.2d 482, 499–507 (Tex. Crim. App. 1996) (abrogated on other grounds by *Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998)); *Garcia v. State*, 887 S.W.2d 862, 880–81 (Tex. Crim. App. 1994) (abrogated on other grounds by *Hammock v. State*, 46 S.W.3d 889 (Tex. Crim. App. 2001)); *Motley v. State*, 773 S.W.2d 283, 290–92 (Tex. Crim. App. 1989); *Butler v. State*, 716 S.W.2d 48, 55–57 (Tex. Crim. App. 1986); *State v. Bennett*, No. 05-11-00252-CR, 2012 WL 11181, at *1 (Tex. App.—Dallas Jan. 4, 2012, no pet.); *State v. Mayfield*, Nos. 14-09-00357-CR, 14-09-00358-CR, 2010 WL 2373274, at *10–14 (Tex. App.—Houston [14th Dist.] June 15, 2010, no pet.); *Pratt v. State*, No. 04-09-00070-CR, 2010 WL 546529, at *5–*9 (Tex. App.—San Antonio Feb. 17, 2010, pet. ref'd); *State v. Choice*, 319 S.W.3d 22, 23 (Tex. App.—Dallas 2008, no pet.); *Rosa v. State*, Nos. 05-04-00558-CR, 05-04-00571-CR, 2005 WL 2038175, at *2–*4 (Tex. App.—Dallas Aug. 25, 2005, pet. ref'd); *State v. Medina*, No. 03-02-00572-CR, 2003 WL 21939417, at *2 (Tex. App.—Austin Aug. 14, 2003, pet. ref'd); *State v. Papay*, No. 05-01-01124-CR, 2002 WL 176359, at *4 (Tex. App.—Dallas Feb. 5, 2002, pet. ref'd ); *State v. Kelley*, 20 S.W.3d 147, 155 (Tex. App.—Texarkana 2000, no pet.); *State v. Pilkinton*, 7 S.W.3d 291, 293 (Tex. App.—Beaumont 1999, pet. ref'd); *State v. Gill*, 967 S.W.2d 540, 543 (Tex. App.—Austin 1998, pet. ref'd); *Howard v. State*, 894 S.W.2d 104, 109 (Tex. App.—Beaumont 1995, pet. ref'd); *State v. Thomas*, 768 S.W.2d 335, 337 (Tex. App.—Houston [14th Dist.] 1989, no pet.).

[5] *See , e.g., Gobert v. State*, No. AP–76345, 2011 WL 5881601, at *10–*11 (Tex. Crim. App. Nov. 23, 2011); *Fratta v. State*, No. AP–76188, 2011 WL 4582498, at *13 (Tex. Crim. App. Oct. 5, 2011); *Medina v. State*, No. AP-76036, 2011 WL 378785, at *15 (Tex. Crim. App. Jan. 12, 2011); *Skinner v. State*, 293 S.W.3d 196, 202–03 (Tex. Crim.

Practically speaking, raising an ineffective-assistance claim in a new-trial motion or on appeal inures to the defendant's benefit. If the claim fails on appeal for lack of evidence, he may reassert the claim in collateral proceedings, perhaps with additional evidence. *See Rylander v. State*, 101 S.W.3d 107, 111 n.1 (Tex. Crim. App. 2003); *Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999).

A panel of this circuit already has determined that the Martinez exception does not apply to the Texas system. *See Ibarra v. Thaler*, 687 F.3d 222, 227 (5th Cir. 2012). Other circuits and district courts also have interpreted *Martinez* narrowly, applying the exception only where the state limits ineffective-assistance claims to postconviction proceedings. *See Dansby v. Hobbs*, 691 F.3d 934, 936–37 (8th Cir. 2012) (finding *Martinez* not applicable where Arkansas law allows prisoner to raise ineffective-assistance claim on appeal); *Banks v. Workman*, No. 10–5125, 2012 WL 3834733, at *12–*13 (10th Cir. Sept.

---

App. 2009); *Mata v. State*, 226 S.W.3d 425, 432–33 (Tex. Crim. App. 2007); *Shore v. State*, No. AP–75049, 2007 WL 4375939, at *15 (Tex. Crim. App. Dec. 12, 2007); *Phillips v. State*, 992 S.W.2d 491, 494–95 (Tex. Crim. App. 1999); *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992); *Gish v. State*, No. 02-09-00034-CR, 2011 WL 167076, at *3–*6 (Tex. App.—Fort Worth Jan. 13, 2011, no pet.); *Smith v. State*, No. 05-08-01115-CR, 2010 WL 3245438, at *5–*6 (Tex. App.—Dallas Aug. 18, 2010, pet. ref'd); *Curnel v. State*, No. 2-08-308-CR, 2010 WL 323557, at *6–*7 (Tex. App.—Fort Worth Jan. 28, 2010, pet. ref'd); *Alexander v. State*, Nos. 09-08-00372-CR, 09-08-00373-CR, 2009 WL 4681369, at *6 (Tex. App.—Beaumont Dec. 9, 2009, pet. ref'd); *Bergara v. State*, No. 14-07-00938-CR, 2009 WL 2476513, at *12–*14 (Tex. App.—Houston [14th Dist.] Aug. 13, 2009, pet. ref'd); *Gonzalez v. State*, No. 04-07-00804-CR, 2008 WL 5083125, at *4 (Tex. App.—San Antonio Dec. 3, 2008, pet. ref'd).

5, 2012) (same; interpreting Oklahoma law); *Gill v. Atchison*, No. 11 C 7868, 2012 WL 2597873, at *5 (N.D. Ill. July 2, 2012); *Arthur v. Thomas*, No. 2:01–CV–0983–LSC, 2012 WL 2357919, at *9 (N.D. Ala. June 20, 2012).

Canales argues that the Supreme Court's stay of execution in *Balentine v. Thaler*, No. 12-5906, 2012 WL 3599235 (Aug. 22, 2012), should be interpreted as a substantive challenge to *Ibarra*. To the extent that Canales argues that a Supreme Court stay suggests that the High Court is considering overturning *Ibarra*, after a *Martinez* issue was raised by a petitioner in *Foster v. Thaler*, the High Court denied a stay. No. 12-6373, 2012 WL 4365081 (Sept. 25, 2012) (Attachment).

Moreover, absent an intervening Supreme Court case overruling precedent, even when the High Court grants certiorari on an issue, Fifth Circuit panels are bound to follow then-existing precedent. *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (2008); *see also DeMoss v. Crain*, 636 F.3d 145, 151 n.1 (2011) (same); *United States v. Sanchez-Ledezma*, 630 F.3d 447, 448 n.1 (2011) (same); *Selvage v. Lynaugh*, 842 F.2d 89, 94 (1988) (same); *Wicker v. McCotter*, 798 F.2d 155, 158 (1986) (same). And it is not appropriate to grant a stay solely in anticipation of future events, such as new legislation or jurisprudence. *Cf. Garcia v. Texas*, 131 S. Ct. 2866, 2867 (2011) ("We are

doubtful that it is ever appropriate to stay a lower court judgment in light of unenacted legislation.").

Even if it were determined that Texas law resembles Arizona's sufficiently to place this State within the exception's ambit, as noted below, because Canales's ineffective-assistance claims are not substantial, he can show no cause to avoid default. *See Martinez*, 132 S. Ct. at 319.

The Texas system—allowing a defendant to raise trial-related ineffective-assistance claims in a new-trial motion, on appeal, or in habeas proceedings—takes the state out of the exception carved out in *Martinez*.

## II. Because His Ineffective-Assistance Claims Are Not "Substantial," Canales Cannot Show "Cause" to Excuse Default.

But even were it assumed that the Texas system so resembled Arizona's as to leap the first *Martinez* hurdle—limiting trial-related ineffective-assistance claims to collateral proceedings only—Canales cannot leap the second: Because his ineffective-assistance-of-trial-counsel claim is not substantial, he can show no cause to excuse default. *See* 132 S. Ct. at 1318. The claim can be shown to be insubstantial by showing (1) that the trial-counsel effectiveness claim (a) does not have any merit or (b) is wholly without factual support, or (2) that the state habeas counsel did not perform below constitutional standards. *See id.* at 1319. And although "cause" arises from the actions or omissions of state habeas counsel, the reasonableness of state habeas counsel's actions and the question

of prejudice are evaluated by the actions or omissions of trial counsel. Put another way, if trial counsel was effective, state habeas counsel cannot be faulted for forgoing a complaint.

A petitioner raising an ineffective-assistance claim must show (1) that trial counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show counsel delivered deficient performance, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. *See id.* at 687–88. A reviewing court must be "highly deferential" to counsel's conduct. *See id.* at 689. A reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See id.* at 690.

But a reviewing court need not consider the deficiency prong if it concludes that the petitioner has shown no prejudice. *Strickland*, 466 U.S. at 697. Moreover, the petitioner may not simply allege, but must "affirmatively prove" prejudice. *Id.* at 693. To show prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Although neither the state court nor this Court reviewed Canales's ineffective-assistance claims on the merits, the Director addressed the merits of Canales's claims in his answer (ECF No. 12 at 9–21 (guilt-innocence), 22–24 (punishment)), and incorporates those arguments into this response.

Canales does not show that trial counsel performed deficiently or that any presumed deficiency prejudiced his cause at either guilt-innocence or punishment. *See Strickland*, 466 U.S. at 687. Thus, state habeas counsel was not ineffective for failing to raise such claims in the initial state habeas proceedings. *See id.* And because the claims are without merit, they are not substantial. *See Martinez*, 132 S. Ct. at 1319. And because they are not substantial, Canales can show no cause to excuse default. *See id.*

### III.  The Rule Canales Proposes Would Institute a Third Trial.

Federal habeas corpus jurisprudence views the state criminal trial as the main event. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). The Antiterrorism and Effective Death Penalty Act of 1996[6] modified the federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials." *Bell v. Cone*, 535 U.S. 685, 693 (2002). When an individual has been accused of a crime, the state trial is the time and the place set for the defendant to be tried by jurors and found either guilty or not. *Sykes*, 433 U.S. at 90.

---

[6] Pub.L. 104-132, 110 Stat. 1214 (1996).

> To the greatest extent possible all issues which bear on this charge should be determined in this proceeding: [T]he accused is in the court-room, the jury is in the box, the judge is on the bench, and the witnesses, having been subpoenaed and duly sworn, await their turn to testify. Society's resources have been concentrated at that time and place in order to decide, within the limits of human fallibility, the question of guilt or innocence of one of its citizens.

*Id.*

The trial should not be a "'tryout on the road,' for what will later be the determinative federal habeas hearing." *Id.* Already, petitioners can view the federal habeas proceedings as a second trial after the first trial turned out not to their liking. The rule Canales proposes, a determination of whether ineffective-assistance claim could have been developed in new-trial or appellate proceedings, embraces a third trial, a trial to determine whether the State will be allowed to assert a default defense. Such a third trial would ill-fit the congressional intent of AEDPA, which was to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases. *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 386 (2000)).

## CONCLUSION

Canales's motion should be denied.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Postconviction Litigation Division


 /s/ Thomas M. Jones
THOMAS M. JONES*
*Attorney-In-Charge
Assistant Attorney General
Postconviction Litigation Division
State Bar No. 00784357

P. O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 936-1400
Fax No. (512) 936-1280
E-mail:
Thomas.Jones@texasattorneygeneral.gov

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that on October 17, 2012, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Counsel for Canales:

Teresa L. Norris
South Carolina Bar No. 15081
Blume Norris & Franklin-Best, LLC
900 Elmwood Ave., Suite 101
Columbia SC 29201
email: teresa@blumelaw.com David Paul Voisin

David P. Voisin PLLC
P.O. Box 13984
Jackson MS 39236
email: davidvoisin@comcast.net

        /s/ Thomas M. Jones
       THOMAS M. JONES
       Assistant Attorney General
       Postconviction Litigation Division