# UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

**ANIBAL CANALES, JR,**                                                               **PETITIONER**

    **v.**                                                            Case No. 2:03-CV-69-JRG-RSP

**RICK THALER, Director,**
Texas Department of Corrections,
Correctional Institutions Division,                                                  **RESPONDENT**

### REPLY TO THE RESPONSE TO
### THE MOTION TO ALTER OR AMEND THE JUDGMENT

On October 17, 2012, Respondent filed his response to Petitioner's motion to alter or amend the judgment. Dkt # 162. Petitioner files this brief reply to Respondent's position and to update the Court on other litigation regarding the application of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to federal habeas cases challenging Texas state court criminal judgments.

<u>The Supreme Court is Likely to Find *Martinez* Applicable to Texas</u>

Previously, Petitioner pointed out that the United States Supreme Court granted a stay of execution in *Balentine v. Thaler*, No. 12-5906 (U.S. Aug. 22, 2012), which asked the high court to address the applicability of *Martinez* to Texas habeas cases. On October 18, 2012, the Supreme Court granted a stay of execution in *Haynes v. Thaler,* No. 12-6760 (U.S.), another case raising the same issue. If the issue had not been compelling, the Supreme Court would not have granted a stay of execution, because in order to obtain a stay, a petitioner must show a reasonable probability that four justices would vote to grant a petition for a writ of certiorari and a significant possibility that the Supreme Court would reverse the lower court. *Barefoot v. Estelle,* 463 U.S. 880, 895 (1983).

<u>Respondent Fails to Show that Canales Had Any Procedure Other than State Habeas for Challenging Trial Counsel's Effectiveness</u>.

Relying principally on non-capital cases, Respondent argues that *Martinez* should not apply to Canales' case because of speculation that some hypothetical prisoner could take advantage of procedures, other than state habeas corpus, for challenging trial counsel's effectiveness. Respondent contends that Texas law does not bar ineffectiveness claims on motions for a new trial or on direct appeal. Regardless as to whether these procedures are theoretically available under narrow, extraordinary circumstances, a key issue is whether those procedures were available to Canales. Respondent does not contend, nor could he, that Canales' trial counsel could have raised their own ineffectiveness on a motion for a new trial. Moreover, the State did not offer Canales a new attorney for a motion for a new trial or inform him of the possibility of raising an ineffectiveness claim at that stage of the proceeding.

Direct appeal was also not realistically available to Canales, either. Under Texas law as applied in his case, Canales received a lawyer to handle his direct appeal about the same time as he obtained state habeas counsel. State habeas is structured to allow the development of new facts, e.g., funding is authorized for experts and investigative assistance. Such resources are not available to direct appeal counsel. Nowhere does Respondent explain why it would be appropriate under Texas law to raise an ineffectiveness claim on direct appeal when state habeas counsel has access to resources to develop facts in support of the claim. In fact, raising such a claim on direct appeal would almost certainly be futile because direct appeal counsel would not have the resources to uncover facts to support any allegations regarding trial counsel's ineffectiveness, and the state court would therefore have to deny relief due to the insufficiency of the allegations. The hypothetical availability of a procedural mechanism doomed to failure cannot, as a matter of equity, render *Martinez* inapplicable in Texas.

Conclusion

Wherefore, for the foregoing reasons, and for the reasons set forth in Petitioner's Objections to the Magistrate Judge's Report (Dkt. #154) and in his Motion to Alter or Amend the Judgment (Dkt #158), this Court should alter or amend its judgment, find that *Martinez* establishes cause for defaulted extra-record claims, and grant the writ of habeas corpus. In the alternative, this Court should remand the issue of showing cause for the default to the Magistrate Judge. This Court should also stay proceedings until the Supreme Court decides *Balentine*.

>Teresa L. Norris
>S.C. Bar # 15081
>Blume Norris & Franklin-Best, LLC
>900 Elmwood Ave., Ste. 101
>Columbia, S.C. 29201
>(803) 765-1044
>(803) 765-1143 (Fax)
>
>David Voisin
>Miss. Bar # 100210
>P. O. Box 13984
>Jackson MS 39236
>(601) 949-9486
>(601) 354-7854 (Fax)

By: S/ Teresa L. Norris
Counsel for Petitioner

**CERTIFICATE OF SERVICE**

This is to certify that I, Teresa L. Norris, have electronically served a copy of this document upon Respondent's counsel by filing same with the United States District Court Electronic Case Filing system on October 23, 2012.

>S/ Teresa L. Norris
>Counsel for Petitioner