IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| **ANIBAL CANALES,** | § | |
| Petitioner, | § | |
| vs. | § | No. 2:03cv069 |
| **RICK THALER, Director**, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| | § | |
| Respondent. | | |
| | § | |

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Anibal Canales ("Canales"), was convicted of capital murder and sentenced to death by the State of Texas. After exhausting his appeals and state post-conviction remedies, he filed an application for a writ of *habeas corpus,* which this Court denied. On September 21, 2012, Canales filed a motion to alter or amend the judgment. Having considered the circumstances alleged and authorities cited by the parties, and the applicable law, the Court finds that the motion is not well taken and it will be denied.

To prevail on a motion to alter or amend a judgment, a movant must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Relief on this basis is also appropriate when there has been an intervening change in the controlling law. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

The Court dismissed Canales's first, second, fifth, sixth, seventh, eighth, tenth, eleventh and twelfth claims because they had been procedurally defaulted at the state level. The default occurred because the claims were not raised in Canales's initial state post-conviction proceedings. A procedural default at the state level precludes the federal court from reviewing the merits of the defaulted claims unless the petitioner can establish either that he had cause for the default and would be prejudiced by the federal court's failure to address the merits of his claims, or he can establish that failing to review the claims would constitute a fundamental miscarriage of justice because the petitioner is actually innocent of the offense. *See Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010). Canales contended in his objections to the Magistrate Judge's recommendations that the cause of his procedural default was ineffective assistance of his state post-conviction counsel. The general rule, however, is that post-conviction counsel's ignorance or inadvertence does not qualify as cause to excuse a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 755 (1991).

Canales contends that there has been an intervening change in the controlling law. In *Martinez v. Ryan*, ___ U.S. ___, ___, 132 S. Ct. 1309 (2012), the Supreme Court recognized an exception to the rule in *Coleman*: in states in which ineffective assistance of trial counsel claims cannot be raised until state post-conviction proceedings, the failure of post-conviction counsel to raise those claims in those proceedings can constitute cause to excuse a procedural default. In *Ibarra v. Thaler*, 687 F.3d 222, 227 (5th Cir. 2012), however, the Fifth Circuit held: ". . . Texas procedures do not mandate that ineffectiveness claims be heard in the first instance in habeas proceedings . . . [a]ccordingly, Ibarra is not entitled to the benefit of *Martinez* for his ineffectiveness claims . . ." In light of *Ibarra*, the Court finds that there has not been an intervening change in the controlling law.

IT IS THEREFORE ORDERED that Canales's Motion to Alter or Amend the Judgment (document #158) is DENIED.

**So ORDERED and SIGNED this 29th day of October, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE