**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **ANIBAL CANALES,** | § | |
| Petitioner, | § | |
| vs. | § | No. 2:03cv069 |
| **RICK THALER, Director**, | § | |
| Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

**CERTIFICATE OF APPEALABILITY**

THIS MATTER comes before the Court on Petitioner Anibal Canales's ("Canales's") Notice of Appeal (document # 165), filed on November 26, 2012. Canales was convicted of capital murder and sentenced to death by the State of Texas. He filed an application for a writ of *habeas corpus*, which the Court denied on September 28, 2012. In order to appeal this denial, Canales must obtain a certificate of appealability pursuant to 28 U.S.C. §2253. Subsection (c)(2) of that statute provides that an application for a certificate of appealability shall be granted if a petitioner makes a substantial showing of the denial of a constitutional right. To make such a showing, a petitioner must demonstrate that the issue is (1) debatable among jurists of reason, in that a court could resolve the issues in a different manner, or (2) that the questions are adequate to deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). Because this is a capital case, any doubt whether petitioner's claims meet those standards must be resolved in favor of the petitioner. *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir.), *cert. denied*, 522 U.S. 963 (1997).

Canales did not explain in his notice of appeal why the Court should issue a certificate of appealability. The Court reviewed his claims *sua sponte.* Canales's first claim is that his trial counsel's performance, because of an unreasonable trial schedule and inexperience in the defense of death penalty cases, fell below the standard of practice in capital cases; his second claim is that the trial court's rulings violated his right to present a defense; his third claim is that his the state's use of another inmate, Innes, as its agent to solicit incriminating evidence from Canales for its use at both the guilt-determination and punishment-determination phases of his trial violated his rights to due process of law and to the assistance of counsel; and his fourth claim is that the state violated his right to the due process of law when it withheld material exculpatory evidence and when it knowingly allowed false testimony to be presented to the jury. The Court finds that Canales's first, second, third, and fourth claims are all debatable among jurists of reason.

Further, Canales's fifth claim is that the cumulative effect of the ineffective assistance of counsel and the withholding of material evidence violated his right to a fair trial; his seventh claim is that his rights to due process of law, to a fair trial, and to be free from cruel and unusual punishment were violated because several of the jurors in his petit jury lied about their criminal backgrounds; his eighth claim is that his rights to due process of law, to the assistance of counsel, and to be free from cruel and unusual punishment were violated when the jury, during its deliberations, communicated with the court and with the bailiff outside his and his counsel's presence; and his ninth claim is that his rights to due process of law, to remain silent, and to a fair trial were violated by being forced to wear leg shackles in front of the jury during the punishment determination phase of his trial. The Court finds that Canales's fifth, seventh, eighth, and ninth claims are all adequate to deserve encouragement to proceed further.

The Court finds that the remaining issues in Canales's notice of appeal are not debatable

among jurists of reason, and are not adequate to deserve encouragement to proceed further.

**IT IS THEREFORE ORDERED** that a Certificate of Appealability is issued as to the first, second, third, fourth, fifth, seventh, eighth and ninth claims in Canales's application for a writ of *habeas corpus.*

**So ORDERED and SIGNED this 20th day of December, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE