IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANIBAL CANALES, JR., #999366, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:03cv69 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Before the court is Petitioner Anibal Canales, Jr.'s motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. #239). The Director has filed a response in opposition to the motion (Dkt. #241). Canales has filed a reply (Dkt. #242). For reasons set forth below, the motion is **DENIED**.

**Procedural History**

Canales was sentenced to death for the capital murder of Gary Dickerson, a fellow inmate. The conviction was affirmed on direct appeal. *Canales v. State*, 98 S.W.3d 690 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1051 (2003). His initial application for a writ of habeas corpus filed in state court was denied on the merits. *Ex parte Canales*, No. WR-54,789-01 (Tex. Crim. App. March 12, 2003) (unpublished).

On November 29, 2004, Canales filed the present petition, raising thirteen separate grounds for relief. On March 23, 2007, the Court stayed the proceedings in order to give Canales the opportunity to present his unexhausted claims to the state court system. The Texas Court of

1

Criminal Appeals ("TCCA") dismissed his subsequent state application as an abuse of the writ. *Ex parte Canales*, No. WR-54,789-02, 2008 WL 383804 (Tex. Crim. App. Feb. 13, 2008).

Canales returned to this Court. On August 24, 2012, the Court dismissed Canales's first, second, fifth, sixth, seventh, eighth, tenth, eleventh and twelfth claims with prejudice as procedurally defaulted and denied his third, fourth, ninth and thirteenth claims on the merits. On appeal, the Fifth Circuit remanded the case for further consideration in light of the United States Supreme Court's recent decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413, 133 S. Ct. 1911 (2013). More specifically, the Fifth Circuit instructed this Court to consider Canales's claim that he received ineffective assistance of counsel during the sentencing phase of the trial. *Canales v. Stephens*, 765 F.3d 551, 559 (5th Cir. 2014). The Fifth Circuit found that trial counsel's performance fell below an objective standard of reasonableness, and the "question then becomes whether Canales can actually prove *prejudice* due to the deficient performance of his habeas counsel." *Id.* at 571 (emphasis in original).

On remand, the Court gave Canales the opportunity to actually prove prejudice by retaining Susan Herrero, Dr. Tora L. Brawley and Dr. Donna Maddox as experts. The experts provided reports as to their findings. The Court then conducted a review of the evidence presented at trial in mitigation, along with the new evidence submitted by the experts in their reports. After reweighing all of the mitigation evidence, both old and new, the Court found that the aggravating evidence far outweighs the mitigating evidence. The Court ultimately concluded that Canales has not proven prejudice.

In the present motion, Canales argues that the Court misapplied the prejudice test as provided by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).

2

Standard of Review

The United States Supreme Court discussed the purpose of Rule 59(e) as follows:

> Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following the entry of judgment. . . . Consistently with this original understanding, the federal courts have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits.

*White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450-51, 102 S. Ct. 1162, 1165-66 (1982) (citations omitted). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S. Ct. 2605, 2617 n.5 (2008) (citation omitted).

The Fifth Circuit has observed that a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotations omitted). It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted), *cert. denied*, 543 U.S. 976, 125 S. Ct. 411 (2005). The Fifth Circuit has repeatedly specified that the purpose of a Rule 59(e) motion is not to rehash arguments that have already been raised before a court. *See, e.g.*, *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n.4 (5th Cir. 2016); *Winding v. Grimes*, 405 F. App'x 935, 937 (5th Cir. 2010). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citations omitted). The decision to alter or

3

amend a judgment is committed to the sound discretion of the district judge and will not be overturned absent an abuse of discretion. *Southern Contractors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 & n.18 (5th Cir. 1993).

Discussion and Analysis

Canales is improperly using a Rule 59(e) motion as a means to rehash evidence, legal theories and arguments. The standard for evaluating ineffective assistance of counsel claims was established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1994). *Strickland* provides a two-pronged standard, and a petitioner bears the burden of proving both prongs. 466 U.S. at 687. Under the first prong, he must show that counsel's performance was deficient. *Id.* To establish deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. Under the second prong, the petitioner must show that his attorney's deficient performance resulted in prejudice. *Id.* at 687. To satisfy the prejudice prong, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. An ineffective assistance of counsel claim fails if a petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if he makes an insufficient showing as to either. *Id.* at 697. The *Strickland* standard applies to ineffective assistance of counsel claims raised in the context of *Martinez* and *Trevino*. *See Martinez*, 566 U.S. at 14. The *Strickland* standard was thoroughly discussed and applied in the Order of Dismissal.

Canales specifically argues that his trial attorney was ineffective during the punishment phase of the trial. The Fifth Circuit found that counsel's performance fell below an objective standard of reasonableness and was thus deficient. *Canales*, 765 F.3d at 569. The issue on remand is "whether Canales can actually prove *prejudice* due to the deficient performance of his habeas counsel." *Id.* at 571 (emphasis in original).

An attorney's duty to develop a case in mitigation in a capital case was discussed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510 (2003). Counsel's investigation into mitigating evidence "should comprise efforts to discover *all reasonably* available mitigating evidence." *Id.* at 524 (emphasis in original). In reviewing the issue of prejudice at capital sentencing, courts must reweigh the quality and quantity of the available mitigating evidence, including that presented in post-conviction proceedings, against the aggravating evidence. *Williams v. Taylor*, 529 U.S. 362, 397-98 (2000); *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 556 U.S. 1240 (2009). "In evaluating that question, it is necessary to consider *all* the relevant evidence that the jury would have had before it if [the petitioner] had pursued the different path - not just the mitigation evidence [the petitioner] could have presented, but also the . . . evidence that almost certainly would have come with it." *Wong v. Belmontes*, 558 U.S. 15, 20 (2009) (emphasis in original). After reweighing all of the mitigating evidence against the aggravating, a court must determine whether the petitioner "has shown that, had counsel presented all the available mitigating evidence, there is a reasonable probability that a juror would have found that the mitigating evidence outweighed the aggravating evidence." *Gray v. Epps*, 616 F.3d 436, 442 (5th Cir. 2010), *cert. denied*, 563 U.S. 905 (2011). In denying relief, the Court reweighed all

of the mitigation evidence, both old and new, and found that the aggravating evidence far outweighs the mitigating evidence.

Canales initially attacks the judgment denying federal habeas relief by pointing to life sentences awarded by juries in other cases and arguing that these cases prove prejudice here. This approach, however, is inconsistent with *Strickland*. The Supreme Court specified that a habeas court determines prejudice by reviewing a petitioner's "new" evidence, not presented but for counsel's purported error, and weighs it with the evidence before the petitioner's jury to determine whether there is a reasonable probability of a different result. *Strickland*, 466 U.S. at 691-96. The habeas court's determination is a legal conclusion, not a matter on which evidence can be taken regarding other juries' conclusions inherently fact-bound to the evidence before them. *Id.* at 695 ("Thus, evidence about the actual process of decision, if not part of the record of the proceeding under review, and evidence about, for example, a particular judge's sentencing practices, should not be considered in the prejudice determination."). Canales's comparison argument and evidence is more akin to an Eighth Amendment proportionality claim, not prejudice in the ineffective assistance realm. *See, e.g.*, *Rummel v. Estelle*, 445 U.S. 263, 272 (1980) ("Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceeding rare."). The issue remanded to this Court requires a prejudice analysis, as opposed to a proportionality analysis. Canales's first argument lacks merit.

Canales next attacks the Court's characterization of his new evidence as "double-edged." He argues that the fact that evidence may be double-edged does not justify trial counsel's failure to investigate, develop, and address the mitigating evidence at trial. Canales's argument misses the point of the remand. The issue before the Court at this time is not whether trial counsel's

6

representation was deficient. The Fifth Circuit has already found that counsel's representation was deficient.   The issue before the Court is whether such deficient representation prejudiced Canales.

The Supreme Court has stressed that mitigation evidence can have both aggravating and mitigating effect. *See*, *e.g.*, *Penry v. Lynaugh*, 492 U.S. 302, 324 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002) (noting that "mental retardation and history of abuse is thus a two-edged sword: it may diminish [petitioner's] blameworthiness for [the] crime even as it indicates that there is a probability that he will be dangerous in the future"); *see also Atkins*, 536 U.S. at 321 (noting that mental impairment can be aggravating).

The Fifth Circuit has consistently and repeatedly recognized the same. *Trevino v. Thaler*, 861 F.3d 545, 550-551 (5th Cir. 2017) ("Jurors could easily infer from this new FASD evidence that Trevino might have had developmental problems reflected in his academic problems and poor decision making, but that he also engaged in a pattern of violent behavior toward both Cruz and Salinas that he understood was wrong."); *Clark v. Davis*, 673 F.3d 410, 423 (5th Cir. 2012) (finding Clark's unpresented mitigation evidence "'double-edged' in that while it might permit an inference that he is not as morally culpable for his behavior, it also might suggest [that the defendant], as a product of his environment, is likely to continue to be dangerous in the future.") (internal citations and quotations omitted); *Brown v. Thaler*, 684 F.3d 482, 499 (5th Cir. 2012) ("The evidence [of low intelligence and fetal alcohol syndrome] that Brown claims his counsel should have presented is 'double-edged' … ."); *Martinez v. Cockrell*, 481 F.3d 249, 258 (5th Cir. 2007) ("The jury could have felt that TLE [temporal lobe epilepsy] made Martinez a future danger because it inclined him toward uncontrolled aggression, or the jury could have accepted TLE as evidence that Martinez acted with diminished capacity.").

7

Canales goes on to find fault with this Court's reliance on *Martinez* and other "cases on which this Court relied" because they were decided before *Porter v. McCollum*, 558 U.S. 30 (2009), and *Sears v. Upton*, 561 U.S. 945 (2010), which he claims precludes the consideration of the double-edged nature of mitigation evidence. His argument, however, ignores more recent decisions, as noted in the previous paragraph, including *Trevino*, *Clark*, and *Brown*. The Fifth Circuit continues to discuss the double-edged nature of some types of mitigating evidence. Just recently, the Fifth Circuit discussed *Porter* while once again reiterating that "such evidence can also be 'double-edged.'" *United States v. Fields*, 761 F.3d 443, 459 (5th Cir. 2014), *cert. denied*, ___ U.S. ___, 135 S. Ct. 2803 (2015). Canales's complaints about this Court's characterization of his evidence as double-edged lacks merit.

It is further noted that Canales's complaints about the characterization of his new mitigating evidence as double-edged were previously considered and rejected by the Court. He raised similar complaints in his objections to the Report and Recommendation. As was discussed in the Order of Dismissal, Canales mischaracterized the Magistrate Judge's analysis. The analysis was not dismissive of the wealth of new evidence of gang violence, alcohol, drugs, and physical and sexual abuse. Such evidence was acknowledged and duly noted. Moreover, the Magistrate Judge further observed that the Director recognized that the evidence of poverty, abuse and neglect was compelling. Nonetheless, the new mitigation evidence was correctly characterized as double-edged. Despite Canales's argument to the contrary, the value of such evidence is "in the eye of the beholder." *Martinez*, 481 F.3d at 258. Canales's second argument in support of his motion to alter or amend the judgment is merely a rehash of arguments previously presented by him and rejected by the Court. He has not shown a basis for relief under Rule 59(e).

8

Canales finally complains that this Court declined to issue a certificate of appealability. In support of the argument, he once again focuses on a proportionality analysis, as opposed to prejudice. His discussion is inconsistent with the remand order issued by the Fifth Circuit. Canales simply has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). He has not shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The present motion lacks merit. It is therefore

**ORDERED** that Canales's motion to alter or amend the judgment (Dkt. #239) is **DENIED**. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 26th day of January, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE